UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **NOBLE ROMAN'S, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-1268-WTL-DML |
| ) | |
| **CITY CENTER FOOD CORP., INC.,** ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION TO DISMISS OR TRANSFER VENUE

This cause is before the Court on the Defendant's motion to dismiss for improper venue or, in the alternative, to transfer this case to the Central District of California. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

Plaintiff Noble Roman's, Inc., is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Defendant City Center Food Corp., Inc., ("City Center") is a California corporation with its principal place of business in Los Angeles, California. In 2002, City Center contracted with Noble Roman's to operate a pizza restaurant franchise in Los Angeles. In this suit, Noble Romans alleges that following the expiration of the contract term City Center failed to comply with various post-termination requirements of the contract and has continued to sell pizza at the same location using proprietary marketing images and trademarks owned by Noble Roman's. Noble Roman's asserts claims for breach of contract, unfair competition, and trademark infringement.

City Center does not allege that this court lacks personal jurisdiction over it with regard

to this case, which makes the resolution of its improper venue argument quite simple.  Pursuant to 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(b), in turn, provides that a case asserting federal claims may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State."  Because City Center is the only defendant in this case and it is deemed to reside within this district pursuant to 28 U.S.C. § 1391(c), this case was properly filed within this district and City Center's motion to dismiss for improper venue must be denied.

City Center's argument that this case should be transferred to the Central District of California ("CDC") is a closer call.  28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  There is no dispute that this case could have been brought in CDC.  The issue, then, is in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will be better served.  The general rule in that regard is that  "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'"  *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) and other cases). For the reasons set forth below, the Court determines that the balance of the relevant factors weighs in favor of denying City Center's motion to transfer this case to CDC.

CDC clearly is more convenient for City Center and this district clearly is more convenient for Noble Roman's, making the first factor a wash.  With regard to the convenience

of the witnesses, City Center has demonstrated that several of its witnesses will be inconvenienced if they are required to travel to Indianapolis for trial, while Noble Roman's points to only one Indianapolis witness who would have to travel to Los Angeles for trial and has not demonstrated that the trip would be particularly burdensome for him.  Therefore, the convenience of the witnesses weighs in favor of City Center.

The final factor to be considered is the "interest of justice."  "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system.  For example, the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).  Based upon the most recent statistics available, it appears that this factor weighs slightly in favor of this case remaining in this district.  CDC is currently under a "judicial emergency" based upon its weighted caseload; while this court previously was, it currently is not.

Having given careful consideration to the relevant factors, the Court determines that while the factors may weigh somewhat in favor of transferring the case to CDC based upon the convenience of the witnesses, the balance is not tipped strongly enough to justify "disturbing" the Plaintiff's choice of forum.  Therefore, City Center's motion to transfer this case to the Central District of California is **DENIED**.

SO ORDERED:   06/04/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification